KEITH H.S. PECK            6825

LEGALACTION ALC
116 Desert Lotus
Irvine, CA 92618
Telephone: (877) 570-7333
Facsimile: (877) 570-1233
E-mail: supervising@advocacy-project.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| In the Matter of V.S., by and through his mother S.S., | Civ. No. _____ (Other Civil Action) |
|---|---|
| Plaintiffs, vs. | COMPLAINT |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII and KEITH HAYASHI, Superintendent of the Hawaii Public Schools, Defendants, | |

## COMPLAINT

K.P., by and through his mother, S.K., alleges as follows:

### INTRODUCTION

1.  An Individuals with Disabilities Education Act (hereinafter "**IDEA**")

1

administrative hearing was conducted pursuant to the provision of 20 U.S.C. §§ 1400 et. Seq., 34 C.F.R. §§ 300 et. Seq., and Hawaii Administrative Rules (hereinafter "HAR") Chapter 8-60 regarding the Plaintiffs' allegations filed on or about June 3, 2021, that they were denied a Free Appropriate Public Education (hereinafter "FAPE"). The IDEA hearing occurred on August 24 and 25, 2021 by Zoom web-based video conferencing platform.

2. On or about May 13, 2022, Plaintiffs was served with a copy of the hearing decision dated May 13, 2022 (hereinafter "**Decision**").

3. Plaintiffs assert their right to the protections of 20 U.S.C. § 1415(j), H.A.R. § 8-60-72(a) ("**Stay-Put**") based upon the decision in DOE-SY1920-053, during the pendency of this appeal as originally ordered by the ALJ for the pendency of the administrative-level action in DOE-SY2021-047 on or about November 17, 2021.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case under 20 U.S.C. § 1415(i)(2), 34 C.F.R. § 300.516, H.A.R. § 8-60-70(a); and 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

5. Venue is proper in the District of Hawai`i pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims all occurred in the District of Hawaii.

## THE PARTIES

6. Plaintiff S.K., ("**Parent**"), is and has been a citizen and resident of the State of Hawaii, Maui County and the legal parent and Guardian of K.P., ("**Student**") at all times pertinent hereto and was a Petitioner in the administrative proceedings describes above.

7. Student currently is and has been eligible under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sections 1400, *et. seq.*, and under Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. Section 794, and was a Petitioner in the administrative proceedings describes above.

8. Plaintiffs are aggrieved by the **Decision** which is a final order within the ambit of 20 U.S.C.§1415(i)(2) and seek the review and partial reversal of the **Decision**.

9. Defendant, the State of Hawaii, Department of Education and Keith Hayashi, is the Superintendent of the State of Hawai`i, Department of Education, sued in her official capacity, ("**DOE**") is responsible for compliance with the IDEA, 20 U.S.C. §§ 14015(i), 34 C.F.R. § 300.516 and H.A.R. § 8-60-78 and was the Respondent in the administrative proceedings describes above.

10. **DOE** is the government agency responsible for administration of the public education system and Part B of the IDEA and Section 504, in Hawai`i.

11.     **DOE** has acted and continues to act at all times relevant in their official capacity under color of state law.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12.     The **Decision** is erroneous as a matter of law.

13.     The **Decision** contains erroneous factual conclusions and statements.

14.     The evidence presented at the hearing established that **Student** was denied a free appropriate public education "**FAPE**".

15.     The Administrative Law Judge ("**ALJ**") erroneously analyzing the issue of whether the DOE failed to discuss whether Student could be among non-disabled peers during his Extended School Year ("ESY") program, blaming Parent for not raising the issue when it is the DOE's obligation to do so and erroneously finding that Parent would have to prove a loss in educational opportunity.

16.     Additionally, the **ALJ** erroneously found that Parent failed to demonstrate a denial of FAPE where there was no discussion regarding the length of Student's ESY day. The ALJ found that a discussion of the amount of related services sufficiently addressed this concern, instead of the of length of the ESY school days that Parents alleged in her Complaint.

17.     Among other errors, the **ALJ** found that that the DOE sufficiently discussed Student's behavioral interventions.

4

18. Among other errors, the **ALJ** found that the supplemental supports in Student's IEP were sufficient.

19. Among other errors, the **ALJ** found that not including Student's private provider during the IEP development process was not a denial of FAPE.

20. Among other errors, the **ALJ** found that **Parent** did not prove that a FAPE was denied Student's where the IEP fails to provide supports were he to transfer from his private program to the program offered in his IEP.

21. Among other errors, the ALJ found that failing to arrange for the private provider to support Student's transition was not a denial of FAPE.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray that this Court:

A.  Assume jurisdiction over this case;

B.  Receive the records of the administrative proceeding described above;

C.  Accept additional evidence as provided for under relevant statute;

D.  Reverse, in part, the **ALJ**'s **Decision**;

E.  Order the **DOE** to pay attorneys' fees related to claims brought under the IDEA for the administrative proceeding and this Complaint under applicable law; and

F.  Grant such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai`i, February 17, 2023.

   /s/ Keith H.S. Peck
KEITH H.S. PECK

Attorney for Plaintiffs